**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

| | |
|---|---|
| SHIN KIRBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No.: |
| | ) |
| COLLEGE OF CENTRAL | ) |
| FLORIDA, | ) |
| | ) |
| Defendant. | ) |
| _____/ | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, SHIN KIRBY ("Plaintiff" or "Kirby"), and files her Complaint against the Defendant, COLLEGE OF CENTRAL FLORIDA ("Defendant") and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* (hereinafter "FMLA"), Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter "ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* (hereinafter "Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. Ann. § 760.10 to redress Defendant's unlawful employment practices against Plaintiff, including

1

Defendant's unlawful interference with Plaintiff's rights under the FMLA, intentional and systematic discrimination based on Plaintiff's disability, lawful exercise of her rights under the FMLA and in retaliation for Plaintiff's protected requests, and Defendant's unlawful discrimination and retaliation against Plaintiff because of her sex and sexual orientation leading to her unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA, the ADA, and Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Kirby, is a citizen of the United States was at all times material, a resident of the State of Florida.

6. Defendant, College of Central Florida, is a For-Profit Corporation,

and does business in this judicial district.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On November 7, 2023, Plaintiff dual filed a timely claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination, sex, sexual orientation, and retaliation.

10. Plaintiff's EEOC charge was timely filed after the alleged unlawful employment practices occurred.

11. On November 25, 2024 the EEOC issued a Dismissal and Notice of Right to Sue, issued upon request.

12. Plaintiff's complaint was timely filed within 90 days Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff is a female.

14. Plaintiff is homosexual.

15. Plaintiff began her employment with Defendant on or about February 18, 2022.

16. At all times relevant, Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

17. Plaintiff held multiple roles for Defendant including Library Technician and Student Specialist. At the time of termination, Plaintiff held the title of Financial Aid Specialist II.

18. Plaintiff was qualified to perform the duties of her employment.

19. At all relevant times, Plaintiff suffered from a serious medical condition/disability.

20. At all times material Defendant was aware of Plaintiff's serious medical condition/disability.

21. Plaintiff's serious medical condition/disability substantially limited one or more of her major life activities including but not limited to walking and communicating.

22. Plaintiff is disabled under applicable law.

23. Upon her hire, Plaintiff disclosed her disabilities, including Autism and Attention Deficit Hyperactivity Disorder to Sonya Warden, Director of Student Affairs.

24. During the course of Plaintiff's employment, Plaintiff began to

experience an exacerbation of the symptoms of her disability, which led to a subsequent diagnosis of tarsal tunnel syndrome.

25. Plaintiff immediately informed Ms. Warden of the same in or around March 2023.

26. As a result of her new diagnosis, Plaintiff advised Ms. Warden she required a surgical procedure. Ms. Warden coldly demanded Plaintiff to wait until September when it was a "slower" time. Fearful of losing her job, Plaintiff complied with Ms. Warden's demand.

27. Defendant intentionally failed to take any measures to engage with Plaintiff in the interactive process.

28. As a result of Defendant's discriminatory actions, Plaintiff suffered another setback and was diagnosed with hip bursitis.

29. The new diagnosis required a steroid injection which caused unintended and unexpected complications to Plaintiff's diabetes.

30. On June 20, 2023, Plaintiff again discussed her need for surgery with Ms. Warden and advised of her upcoming medical appointment scheduled for June 23, 2023.

31. Again, Ms. Warden directed Plaintiff to delay the medically necessary appointment. Plaintiff complied again out of fear of losing her job. During this conversation, Plaintiff requested assistance and information on

FMLA as is her protected right.

32. Plaintiff shared with Ms. Warden she did not intend to take the full 12 weeks of leave available.

33. Instead of fulfilling its obligation and to discourage and interfere with Plaintiff's rights Defendant deceived Plaintiff by advising Plaintiff that she was not eligible for FMLA, despite the contrary.

34. Defendant further discouraged Plaintiff from decorating its offices during Gay Pride month as Ms. Warden commented Pride decorations were "not a good look," and that superiors would not approve the same, targeting Plaintiff's sexual orientation.

35. Without further discussion, Dr. Vernon Lawter, Vice President for Defendant, terminated Plaintiff's employment.

36. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

37. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

38. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional.

39. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

40. Plaintiff has been damaged by Defendant's illegal conduct.

41. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Interference in Violation of the FMLA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

43. Plaintiff was an employee eligible for protected leave under the FMLA.

44. Defendant is and was an employer as defined by the FMLA.

45. Plaintiff exercised or attempted to exercise her rights under the FMLA.

46. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

47. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

48. Plaintiff was injured due to Defendant's willful violations of the FMLA and she is entitled to legal relief.

## Count II: Retaliation in Violation of the FMLA

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

50. Plaintiff was an employee eligible for protected leave under the FMLA.

51. Defendant is and was an employer as defined by the FMLA.

52. Plaintiff exercised or attempted to exercise her rights under the FMLA.

53. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

54. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

55. Plaintiff was injured due to Defendant's willful violations of the FMLA and she is entitled to legal relief.

## Count III: Disability Discrimination under the ADA

56. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

57. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

58. At all times relevant to this action, Plaintiff was a qualified

individual with a disability within the meaning of the ADA.

59. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

60. Plaintiff was able to perform the essential functions of her job at the time of her termination.

61. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

62. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout her employment based on her disability, thereby resulting in Plaintiff's unlawful termination.

63. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

64. Defendant's unlawful conduct in violation of the ADA was

outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV: Retaliation in Violation of the ADA

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

66. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

67. At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

68. Defendant intentionally retaliated against Plaintiff based on her use of protected medical leave pursuant to her disability.

69. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

70. Defendant's unlawful conduct in violation of the ADA was

outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count V:
## Sexual Orientation Based Discrimination in Violation of Title VII

71. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

72. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

73. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sexual orientation.

74. Defendant violated Title VII by discharging and discriminating against Plaintiff based on her sexual orientation.

75. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

76. Defendant's unlawful conduct in violation of title VII was

outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count VI: Sex Based Discrimination in Violation of Title VII**

77. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

78. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

79. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

80. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

81. Defendant violated Title VII by constructively discharging and discriminating against Plaintiff based on her sex.

82. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

83. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and

emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

84. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count VII: Retaliation in Violation of Title VII

85. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

86. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

87. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

88. Defendant's conduct violated Title VII.

89. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

90. Defendant's actions have caused Plaintiff to suffer mental and

emotional distress, entitling her to compensatory damages.

91. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count VIII:
## Sexual Orientation Based Discrimination in Violation of the FCRA

92. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 41 above.

93. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her sexual orientation with regard to hiring, employee compensation, and other terms, conditions, and privileges of employment.

94. Defendant violated the FCRA by discriminating against Plaintiff based on her sexual orientation.

95. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

96. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with

conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### Count IX: Sex Based Discrimination in Violation of the FCRA

97. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 41 above.

98. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her sex with regard to hiring, employee compensation, and other terms, conditions, and privileges of employment.

99. Defendant violated the FCRA by discriminating against Plaintiff based on her sex.

100. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

101. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of

exemplary and/or punitive damages.

## Count X: Retaliation in Violation of the FCRA

102. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

103. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

104. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

105. Defendant's conduct violated the FCRA.

106. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

107. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

108. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

1. Enter judgment requiring Defendant to pay back wages and back benefits

found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

2. Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

3. Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Lisa Scheibly*
Lisa Scheibly
FL Bar No. 1010110
Spielberger Law Group
4890 W. Kennedy Blvd.
Ste. 950
Tampa, FL 33609
Tel. (800) 965-1570 ext. 157
Fax (866) 580-7499
lisa.scheibly@spielberglawgroup.com

17